UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **PAUL C. PRATT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   No. 2:03 CV 246 |
| | ) |
| **NiSOURCE, INC. and NIPSCO,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION and ORDER

On February 4, 2004, plaintiff Paul C. Pratt ("plaintiff") filed an amended complaint in which he generally set forth a claim for employment discrimination against defendants NiSource, Inc. and NIPSCO (collectively "defendants"). On April 26, 2005, this court granted summary judgment in favor of defendants and the clerk entered final judgment in the matter. (*See* Order dated Apr. 26, 2005, at docket # 43). In response to this court's decision in favor of defendants, plaintiff, on May 25, 2005, filed a notice of appeal. Along with his notice of appeal, plaintiff filed a motion to proceed on appeal *in forma pauperis* and a motion requesting that this court stay proceedings until plaintiff is ultimately able to file a FED.R.CIV.P. 60(b) motion for reconsideration. The court shall now determine the merits of these motions.

First, this court shall begin by addressing plaintiff's motion to proceed on

appeal *in forma pauperis*. Requests for leave to appeal with pauper status are governed by 28 U.S.C. § 1915 and FED.R.APP.P. 24(a), both of which require that the party seeking to appeal *in forma pauperis* attach an affidavit demonstrating that he is unable to pay the necessary fees and costs. If the affidavit supports a claim of poverty, and the appeal is not taken in bad faith, and the action is not frivolous, then leave to appeal *in forma pauperis* shall be granted. *Lucien v. Roegner*, 682 F.2d 625 (7th Cir. 1982). Here, plaintiff's application to proceed on appeal *in forma pauperis* clearly demonstrates that he is indigent. However, this court cannot certify that plaintiff takes his appeal in good faith in as far as plaintiff does not explain his grounds for appeal, (as is required by FED.R.APP.P. 24(a)(1)(C)), other than to generally proclaim that he disagrees with the "summary judgment verdict." (Pl.'s Aff., at 1). This court issued a lengthy order in which it carefully and clearly set out the reasons why summary judgment in favor of defendants was appropriate. There is nothing in plaintiff's motion to proceed *in forma pauperis* or his affidavit which suggests to this court that its decision may have been in error. Plaintiff may not like the way this court decided this action, but his general approval of this court's decision is not necessary. Ultimately, as plaintiff failed to explain why he believes this court's decision in favor of defendants was inappropriate, "there is no way for this [c]ourt to

exercise its judicial discretion to determine the meritorious character of the appeal in which [plaintiff] asks relief." *United States v. Ramey*, 559 F. Supp. 60, 67 (C.D. Tenn. 1981). Accordingly, this court denies plaintiff's request to proceed on appeal *in forma pauperis*.[1]

As noted above, plaintiff has also filed a motion to stay proceedings. In that motion, plaintiff states that he no longer has an attorney and therefore cannot timely file a motion for reconsideration under FED.R.CIV.P. 60(b). (Pl.'s Mot. Stay Proceedings ¶¶ 3, 5). Thus, plaintiff requests that the court stay this matter until he is able to file his motion for reconsideration. (*See generally* Pl.'s Mot. Stay Proceedings). Yet, the court does not see why plaintiff could not "timely" file a FED.R.CIV.P. 60(b) motion in as far as RULE 60(b) merely requires that a party seeking relief from a judgment or order file his motion requesting such relief either within "a reasonable time," or, in certain instances, "not more than one year after the judgment, order, or proceeding was entered or taken."[2] Accordingly, a stay of proceedings would appear to be unnecessary in this case.

---

[1] The court notes that plaintiff is entitled to challenge this court's determination on his motion for leave to appeal *in forma pauperis* by filing a motion in the Court of Appeals pursuant to FED.R.APP.P. 24(a)(5).

[2] Should a party seek relief from a judgment or order because of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud, then that party must file its motion for relief "not more than one year after the judgment, order, or proceeding was entered or taken." FED.R.CIV.P. 60(b).

3

Therefore, this court denies plaintiff's motion to stay proceedings.[3]

For the foregoing reasons, this court **DENIES** plaintiff's motion to proceed on appeal *in forma pauperis* (docket # 51). The **CLERK** is hereby **DIRECTED** to give **IMMEDIATE NOTICE** of this order to both plaintiff and to the Court of Appeals as is required by FED.R.APP.P. 24(4). This court also **DENIES** plaintiff's motion to stay proceedings (docket # 52).

                                              **SO ORDERED.**

**Enter:** June 6, 2005

                                         s/ James T. Moody
                                         JUDGE JAMES T. MOODY
                                         UNITED STATES DISTRICT COURT

---

[3] Despite the pendency of his appeal, plaintiff may, if he so chooses, still file a FED.R.CIV.P. 60(b) motion in this court. *See Chicago Downs Ass'n v. Chase,* 944 F.2d 366, 370 (7th Cir. 1991) (despite the pendency of an appeal, the district court retains jurisdiction to take additional action *in aid of the appeal*, such as denying FED.R.CIV.P. 60(b) relief on the merits).